UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NOS.  CR-05-0166-LRS |
| Respondent, | ) | CV-08-0310-LRS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| ANTHONY BOSLEY, | ) | MOTION |
| | ) | |
| Petitioner. | ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 6, 2009 (Ct. Rec. 98, CR-05-0166-LRS, Ct. Rec. 1, CV-08-0310-LRS).  The Motion is submitted by Anthony Bosley, who is appearing *pro se* for the purpose of these proceedings.

## I. BACKGROUND

Mr. Anthony Bosley was indicted on September 20, 2005 for Conspiracy to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §846 and 18 U.S.C. §2; Distribution of 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2; and Possession with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

Mr. Bosley pleaded guilty to Count Three of the Indictment on February 16, 2006 with a written Fed. R. Crim. P. Rule 11(a)(2) plea agreement.  On June 13, 2006, Mr. Bosley was sentenced to a 240-month

ORDER - 1

term of imprisonment with ten years supervised release; and a special assessment of $100.  Mr. Bosley filed a direct appeal of his judgment and sentence on June 21, 2006.  The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court on May 24, 2007.  Ct. Rec. 92 in 05-CR-0166-LRS-2.  Mr. Bosley contends that his sentence is unconstitutional based on essentially three grounds: 1) Requests re-sentencing based on recent case law, *Kimbrough v. United States*, 128 S.Ct. 558 (2007); 2) Requests re-sentencing based on recent case law, *Gall v. United States*, 128 S.Ct. 586 (2007); and 3)underlying statutes used to convict Petitioner Bosley are unconstitutional and the court has no jurisdiction except to order Petitioner's release.  Ct. Rec. 98, at 6-9 in 05-CR-0166-LRS-2.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to
> be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of
> the United States, or that the court was without
> jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the

allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir.1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may

summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**A.  GROUND ONE–CRACK VERSUS POWDER COCAINE DISPARITY**

Petitioner requests re-sentencing based on *Kimbrough v. United States,* 128 S.Ct. 558 (2007).  Although not abundantly clear, it appears Petitioner is suggesting the sentencing judge did not consider the crack versus powder cocaine disparity in sentencing.  In support of this argument, Petitioner states that a judge is free to determine within a particular case that a sentence within the guideline range is "greater than necessary" and in so doing, a judge can consider the crack versus powder cocaine disparity in sentencing.

This Court has thoroughly reviewed *Kimbrough*.  Petitioner is correct in that the Unites States Supreme Court in *Kimbrough* held that a district court may conclude that Guidelines' crack cocaine/powder cocaine disparity yields a sentence "greater than necessary."  The Supreme Court in that opinion, however, explained:

> The ultimate question in Kimbrough's case is "whether the sentence was reasonable- i.e., whether the District Judge abused his discretion in determining

ORDER - 4

that the § 3553(a) factors supported a sentence of [15 years] and justified a substantial deviation from the Guidelines range."

*Kimbrough*, 128 S.Ct. at 576.

The sentence the District Court imposed on Bosley in this case was in accord with the parties' plea agreement (Ct. Rec. 59). The parties stipulated in paragraph 9(f) of the plea agreement and the Defendant acknowledged that he could not be sentenced to less than 20 years by operation of a single 21 U.S.C. §851 enhancement. Further, the Court notes, that pursuant to the plea agreement, the United States agreed to not seek an additional 21 U.S.C. §851 enhancement which would have resulted in a mandatory life sentence for this Defendant by operation of statute. In determining that 20 years was the appropriate prison term, the District Court accepted the parties' plea agreement. This Court finds that Petitioner's post-*Booker* sentence was reasonable in light of the parties' plea agreement, in which the United States agreed to forego an additional 21 U.S.C. §851 enhancement.

**B.    GROUND TWO–INDIVIDUALIZED ASSESSMENT**

Petitioner requests re-sentencing in light of the recent United States Supreme Court case *Gall v. U.S.*, 128 S.Ct. 586 (2007). Petitioner argues that the "Sentencing court must make an individualized assessment based on the facts presented." According to *Gall*, Petitioner asserts, the court may consider factors the commission has previously rejected, including the defendant's age, health, character, post-crime conduct, and any evidence of

ORDER - 5

rehabilitation.  Again, Petitioner argues, the court may also consider the Guidelines unjusted [sic] disparity between crack versus powder cocaine sentences.  Ct. Rec. 98 , at 8.

In the case of Petitioner's sentence, the undersigned acknowledged that according to *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are advisory only and must be considered along with the statutory factors of 18 U.S.C. § 3553(a). At sentencing, this Court did consider the factors of §3553(a) to fashion a sentencing "sufficient, but no greater than necessary to comply with the purposes [of the Act]."  The Court, in determining the particular sentence to be imposed, considered, the following factors that were pertinent:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range.......set forth in the guidelines.....
(5) any pertinent policy statement--
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The Petitioner has not shown that the Court did not make an "individualized assessment" based on the facts presented.  Therefore, Petitioner is not entitled to relief under this ground.

**C.  GROUND THREE–UNDERLYING STATUTES ARE UNCONSTITUTIONAL**

Petitioner argues, in a conclusory fashion, that the underlying statutes used to convict him are unconstitutional.  Petitioner concludes that the court has no jurisdiction except to order Petitioner's release.

Petitioner does not specify which statutes he believes are unconstitutional or why he believes the statutes are unconstitutional. The Court is unable to decipher what Petitioner's arguments are specifically and therefore finds this ground without merit.

**III.  CONCLUSION**

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255.  Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response.  Accordingly,

**IT IS ORDERED** that:

1. Mr. Anthony Bosley's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 6, 2008 **(Ct. Rec. 98,** CR-05-0166-LRS; **Ct. Rec. 1**, CV-08-0310-LRS) is **DENIED.**

2.  The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington; and

/ / /

/ / /

/ / /

ORDER - 7

1        (c) **CLOSE THESE FILES.**

2    **DATED** this 19th day of March, 2009.

3

4

5                                    *S/ Lonny R. Suko*

6                    _____

7                              LONNY R. SUKO
                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 8