UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>ANTHONY BOSLEY,<br><br>                Defendant. | NO. CR-05-0166-LRS-2<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |

On January 25, 2010, Defendant Anthony Bosley filed, *pro se*, a "Petition," which the Court construes as a motion for reduction in sentence pursuant to 18 U.S.C. §3582(c)(2), based on an amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. On February 26, 2010, the government filed a timely response to the Court's Order Setting Briefing Schedule, Ct. Rec. 101. The government asserts, and the Court agrees, that Defendant has no right to personally appear before this Court in connection with his motion for reduction of sentence, filed pursuant to Section 3582(c).

**DISCUSSION**

Mr. Bosley was charged by Indictment return on September 20, 2005,

ORDER ~ 1

with Count 1, Conspiracy to Distribute 50 Grams or More of Cocaine Base, Count 2, Distribution of 5 Grams or More of Cocaine Base, Count 3, Possession with Intent to Distribute 50 Grams or More of Cocaine Base. Ct. Rec. 16.  On October 5, 2005, the United States filed an Information to Establish Prior Conviction for purposes of enhancing the Defendant's sentence pursuant to 21 U.S.C. § 851. Ct. Rec. 33.

Mr. Bosley pleaded guilty to Count Three of the Indictment on February 16, 2006 under a written Fed. R. Crim. P. Rule 11(a)(2) plea agreement. Ct. Rec. 59. The plea agreement included a stipulation by the defendant that he possessed with the intent to distribute 50 grams or more of cocaine base, thus triggering the statutory mandatory minimum and resulting in an applicable offense level of 32. See, 21 U.S.C. § 841(b)(1)(A)(iii). The parties also stipulated and agreed to 2 level increase due to possession of a firearm, and a 3 level reduction if the Defendant followed through with a timely acceptance of responsibility, leaving the final adjusted offense level at 31. Ct. Rec. 59, at 9-10. The Defendant's Criminal History and whether a Career Offender Adjustment applied were left open pending completion of a Presentence Investigative Report by U.S. Probation Services. Ct. Rec. 59, at 10.

The Plea Agreement also included provisions by which the United States would not seek more than one enhancement under 21 U.S.C. §851 and §841(b)(1)(A)(viii), though the Defendant stipulated that he was eligible for such an enhancement. Ct. Rec. 59, at 8-9). The Defendant further stipulated that he "acknowledges that he can not be sentenced to less than twenty (20) years by operation of this enhancement." Ct. Rec. 59, at 11.  Based on of those provisions, Mr. Bosley was spared the

possibility of a mandatory life sentence that could have resulted from more than one §851/§841 enhancement. Ct. Rec. 59, at 9.

The Court ordered a Presentence Investigation Report which was prepared by U.S. Probation Services. On May 12, 2006, the Mr. Bosley filed his Objections to the Presentence Report and Sentencing Memorandum. Therein he objected to "the assumption that the statutory minimum mandatory sentence in this case is twenty (20) years" because the cocaine base in question "was not tested to determine if it was smokeable," (Ct. Rec. 73, at 1). On June 1, 2006, the United States filed its Response to Defendant's Objections to the PSR and Sentencing Memorandum. Ct. Rec. 75. In that response, the United States noted that " based upon the operation of the mandatory minimums and enhancements in this case, [the Defendant's] guideline range becomes 240 months as recommended within the PSR." Ct. Rec. 75, at 3. On June 5, 2006, Mr. Bosley filed a Notice of Withdrawal of Objection to Presentence Report, in which he acknowledged "that a mandatory minimum sentence of twenty years applies in this case due to the filing of the 21 U.S.C. §851 notice." Ct. Rec. 76, at 1.

On June 14, 2006, the Court filed Judgment, adopting the Presentence Investigation Report "without change," and imposed the mandatory minimum sentence of 240 months. Ct. Rec. 79. Mr. Bosley appealed his conviction to the Ninth Circuit Court of Appeals. Ct. Rec. 82. The Circuit Court affirmed his conviction and sentence. Ct. Rec. 92. *United States v. Bosley*, 232 Fed. Appx. 638 (9th Cir. 2007), *cert. denied*, 552 U.S. 923 (2007).

ORDER ~ 3

On October 6, 2008, Petitioner Bosley filed a 28 U.S.C. § 2255 Motion to Vacate, Set aside or Correct sentence. The Defendant directly attacked his sentence and raised the issue of crack versus cocaine disparity, relying upon the decision of *Kimbrough v. United States*, 128 S.Ct. 558 (2007). Ct. Rec. 98. This Court denied Mr. Bosley's petition by written order March 19, 2009. Ct. Rec. 99.

Mr. Bosley appears to be requesting the Court to reduce his sentence based on the application of 18 U.S.C. § 3582(c)(2), and further, on Section 1B1.10 of the Sentencing Guidelines. Section 1B1.10 identifies the amendments which may be applied retroactively. The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. The final result of the amendment, is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. However, this guideline reduction has no statutory impact.

The Sentencing Commission has not altered a statutory mandatory minimum sentence, and that mandate continues to apply. See § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment."). The Ninth Circuit follows the

rule provided in § 5G1.1(b) of the Guidelines – that where criminal liability is greater under the statutory minimum than under the Sentencing Guidelines, the statutory minimum sentence controls. *United States v. Van Doren*, 182 F.3d 1077, 1083 (9th Cir. 1999) (acknowledging that U.S.S.G. § 5G1.1(b) provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Indeed, case law from other circuit courts have recognized, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States v. Smarted*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

In this case, Mr. Bosley pleaded guilty and stipulated that he possessed with the intent to distribute 50 grams or more of cocaine base, triggering the statutory mandatory minimum. Additionally, the Defendant stipulated and agreed to the application of the one 21 U.S.C. § 851 enhancement which changed his mandatory minimum sentence to twenty years, by statute. Thus, the application of Amendment 706 to the guidelines has no impact on Mr. Bosley's sentence. His statutory mandatory minimum still applies and controls the sentence.

/ / /
/ / /

ORDER ~ 5

1   **IT IS HEREBY ORDERED that** Defendant's "Petition," which the Court
2   construes as a motion for reduction in sentence pursuant to 18 U.S.C.
3   §3582(c), **Ct. Rec. 100,** filed January 25, 2010, is **DENIED.**
4   **IT IS SO ORDERED.**  The District Court Executive is directed to enter
5   this order and to provide copies to counsel and Defendant Bosley.
6   **DATED** this 10th day of May, 2010.

*S/ Lonny R. Suko*

LONNY R. SUKO
Chief United States District Judge

ORDER ~ 6