UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

              Plaintiff,

        v.

ANTHONY BOSLEY,

              Defendant.

NO. CR-05-0166-LRS-2

**ORDER DENYING REQUEST FOR
RELIEF FROM JUDGMENT OR ORDER**

On January 25, 2010, Defendant Anthony Bosley filed, *pro se*, a "Petition," which the Court construed as a motion for reduction in sentence pursuant to 18 U.S.C. §3582(c)(2), based on an amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. On May 10, 2010 the Court denied Defendant's Petition, which was construed as a motion for reduction of sentence pursuant to 18 U.S.C. 3582(c). (ECF No. 106). On December 5, 2011, Defendant Bosley filed a letter requesting the Court to reconsider his sentence under the recently revised Sentencing Guidelines. (ECF No. 110). Mr. Bosley's letter was not noted as a motion under the Local Rules. On May 14, 2012, the Court entered an "Order Denying Request For Reconsideration of Order Denying Motion For Reduction of Sentence, ECF No. 119. On August 24, 2012, Mr. Bosley again filed a Petition For

ORDER ~ 1

Modification of an Imposed Term of Imprisonment Pursuant to 18 USC 3582(c)(2), ECF No. 120.  On September 17, 2012 the Court again entered an "Order Denying Second Motion For Reduction of Sentence, ECF No. 121. Now Mr. Bosley files a "Nunc Pro Tunc Request For Clerical Misrecital, Misprison, Error or Mistake, ECF No. 123.  Mr. Bosley did not note this pleading as required by Local Rule 7.0.

**DISCUSSION**

Mr. Bosley was charged by Indictment return on September 20, 2005, with Count 1, Conspiracy to Distribute 50 Grams or More of Cocaine Base, Count 2, Distribution of 5 Grams or More of Cocaine Base, Count 3, Possession with Intent to Distribute 50 Grams or More of Cocaine Base. Ct. Rec. 16.  On October 5, 2005, the United States filed an Information to Establish Prior Conviction for purposes of enhancing the Defendant's sentence pursuant to 21 U.S.C. § 851. ECF No. 33.

Mr. Bosley pleaded guilty to Count Three of the Indictment on February 16, 2006 under a written Fed. R. Crim. P. Rule 11(a)(2) plea agreement. ECF No. 59. The plea agreement included a stipulation by the defendant that he possessed with the intent to distribute 50 grams or more of cocaine base, thus triggering the statutory mandatory minimum and resulting in an applicable offense level of 32. See, 21 U.S.C. § 841(b)(1)(A)(iii). The parties also stipulated and agreed to a 2-level increase due to possession of a firearm, and a 3-level reduction if the Defendant followed through with a timely acceptance of responsibility, leaving the final adjusted offense level at 31.  ECF No. 59, at 9-10. The Defendant's Criminal History and whether a Career Offender Adjustment

ORDER ~ 2

applied were left open pending completion of a Presentence Investigative Report by U.S. Probation Services. ECF No. 59, at 10.

The Plea Agreement also included provisions by which the United States would not seek more than one enhancement under 21 U.S.C. §851 and §841(b)(1)(A)(viii), though the Defendant stipulated that he was eligible for such an enhancement. ECF No. 59, at 8-9). The Defendant further stipulated that he "acknowledges that he can not be sentenced to less than twenty (20) years by operation of this enhancement." ECF No. 59, at 11.  Based on of those provisions, Mr. Bosley was spared the possibility of a mandatory life sentence that could have resulted from more than one §851/§841 enhancement.  ECF No. 59, at 9.

The Court ordered a Presentence Investigation Report which was prepared by U.S. Probation Services.  On May 12, 2006, the Mr. Bosley filed his Objections to the Presentence Report and Sentencing Memorandum. Therein he objected to "the assumption that the statutory minimum mandatory sentence in this case is twenty (20) years" because the cocaine base in question "was not tested to determine if it was smokeable," (ECF No. 73, at 1).  On June 1, 2006, the United States filed its Response to Defendant's Objections to the PSR and Sentencing Memorandum.   ECF No. 75.  In that response, the United States noted that "based upon the operation of the mandatory minimums and enhancements in this case, [the Defendant's] guideline range becomes 240 months as recommended within the PSR."  ECF No. 75, at 3.  On June 5, 2006, Mr. Bosley filed a Notice of Withdrawal of Objection to Presentence Report, in which he acknowledged "that a mandatory minimum sentence of twenty years applies

in this case due to the filing of the 21 U.S.C. §851 notice." ECF No. 76, at 1.

On June 14, 2006, the Court filed Judgment, adopting the Presentence Investigation Report "without change," and imposed the mandatory minimum sentence of 240 months. ECF No. 79. Mr. Bosley appealed his conviction to the Ninth Circuit Court of Appeals. ECF No. 82. The Circuit Court affirmed his conviction and sentence. ECF No. 92. *United States v. Bosley*, 232 Fed. Appx. 638 (9th Cir. 2007), *cert. denied*, 552 U.S. 923 (2007).

On October 6, 2008, Petitioner Bosley filed a 28 U.S.C. § 2255 Motion to Vacate, Set aside or Correct sentence . The Defendant directly attacked his sentence and raised the issue of crack versus cocaine disparity, relying upon the decision of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). (ECF No. 98). This Court denied Mr. Bosley's petition by written order March 19, 2009. (ECF No. 99).

On May 10, 2010, the Court denied Defendant's "Petition," which was construed as a motion for reduction of sentence pursuant to 18 U.S.C. 3582(c). The Court ruled that Mr. Bosley pleaded guilty and stipulated that he possessed with the intent to distribute 50 grams or more of cocaine base, triggering the statutory mandatory minimum. The Court additionally found Mr. Bosley stipulated and agreed to the application of the one 21 U.S.C. § 851 enhancement which changed his mandatory minimum sentence to twenty years, by statute. Thus, the Court concluded the application of Amendment 706 to the guidelines has no impact on Mr. Bosley's sentence and found his statutory mandatory minimum still applied and controlled the sentence.

ORDER ~ 4

1    Mr. Bosley now requests the Court to grant him relief from a
2 Judgment or Order pursuant to Rule 60 because he cannot determine which
3 prior conviction was used by the government in the filing of the §851
4 enhancement. The government filed its Information to Establish Prior
5 Conviction October 6, 2005, which listed five prior convictions. ECF No.
6 33. Importantly, the Court notes that Defendant stipulated in the Plea
7 Agreement that he was eligible for such an enhancement under 21 U.S.C.
8 §851 and §841(b)(1)(A)(viii). ECF No. 59, at 11. The Court finds that
9 Mr. Bosley is not entitled to relief from the Judgment or Order pursuant
10 to Rule 60.

11    **IT IS HEREBY ORDERED that** Defendant's Motion for Relief From a
12 Judgment or Order, **ECF No. 123**, is **DENIED**.

13    **IT IS SO ORDERED.** The District Court Executive is directed to enter
14 this order and to provide copies to counsel and Defendant Bosley.

15    **DATED** this   19th   day of March, 2013.

16

17                        *s/Lonny R. Suko*

18    _____
                        LONNY R. SUKO
19                United States District Judge

20

21

22

23

24

25

26

ORDER ~ 5